United States District Court
Southern District of Texas
**ENTERED**
August 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-22-332-01 |
| | § | (CIVIL ACTION NO. H-25-3503) |
| | § | |
| PATRICK OSEMWENGIE, | § | |
| REG. NO. 10885-510, | § | |
| | § | |
| Defendant/Petitioner. | § | |

**MEMORANDUM OPINION AND ORDER**

Patrick Osemwengie ("Petitioner") was convicted in this court of conspiracy to defraud the United States and to pay and receive health care kickbacks and was sentenced to 6 months in prison and 6 months in home detention.[1] Pending before the court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Petitioner's § 2255 Motion") (Docket Entry No. 162). Rule 4 of the Rules Governing § 2255 Proceedings in the United States District Courts requires the court to promptly examine Petitioner's § 2255 Motion and its attached exhibits and dismiss the motion if it plainly appears that the petitioner is not entitled to relief. Having conducted the required examination, the court concludes that

---

[1]Judgment in a Criminal Case, Docket Entry No. 118, pp. 1-2, 4. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

Petitioner's § 2255 Motion must be denied. The reasons are explained below.

## I. Background

In October of 2022 Petitioner was charged via a superseding indictment with one count of conspiracy to defraud the United States and to pay and receive health care kickbacks in violation of 18 U.S.C. § 371.[2] After a jury trial in April of 2023, Petitioner was found guilty as charged in the superseding indictment.[3]

Prior to sentencing, the United States Probation Office submitted a revised presentence investigation report that calculated Petitioner's total offense level at 20 and a criminal history score of 0.[4] The criminal history score of 0 established a criminal history category of I.[5] The presentence investigation report recommended a total offense level of 20, a criminal history category of I, and a Guidelines range of 33 to 41 months.[6]

---

[2]See Superseding Indictment, Docket Entry No. 26.

[3]See Docket Entry No. 78; Docket Entry No. 84.

[4]Revised Presentence Investigation Report, Docket Entry No. 111, pp. 9-10. The presentence investigation report notes that the base offense level for a violation of 18 U.S.C. § 371 is 8. Id. at 9. The report found Petitioner was accountable for the intended loss to Medicare and Medicaid of $544,396.10. Id. at 9-10. Because the value of the improper benefit to be conferred exceeded $6,500, the offense level was increased to 20 pursuant to the relevant Sentencing Guidelines. See id.

[5]Id. at 10.

[6]Id. at 15.

Sentencing occurred on October 6, 2023.[7] At sentencing, the court found that the intended loss amount to Medicare was $68,019.87 – instead of the $544,396.10 contemplated by the revised presentence investigation report – which lowered the total offense level from 20 to 14.[8] A total offense level of 14 and a criminal history category of I yielded a Guidelines range of 15 to 21 months.[9] The court sentenced Petitioner to six months in prison, followed by six months in home detention, which was below the applicable Guidelines range.[10]

Petitioner filed a direct appeal of his sentence.[11] On appeal Petitioner brought three challenges. First, he argued that the United States did not satisfy its burden of proof as to the loss amount under § 2B1.1(b)(1) of the Sentencing Guidelines because it did not correlate each kickback paid to Petitioner with a specific

---

[7]See Minute Entry for 10/6/2023, Docket Entry No. 116.

[8]Revised Presentence Investigation Report, Docket Entry No. 111, pp. 9-10; Statement of Reasons, Docket Entry No. 119, p. 1.

[9]See Statement of Reasons, Docket Entry No. 119, p. 1.

[10]See Judgment, Docket Entry No. 118, pp. 2, 4; Statement of Reasons, Docket Entry No. 119. Upon a defense motion, the court granted a downward variance based on Petitioner's status as a zero-point offender and the upcoming amendments to the Sentencing Guidelines, which were going into effect on November 1, 2023. See Statement of Reasons, Docket Entry No. 119, p. 3.

[11]See Decision Regarding My Appeal ("Notice of Appeal"), Docket Entry No. 120; Notice of the Filing of an Appeal, Docket Entry No. 121.

beneficiary.[12] The Fifth Circuit rejected this argument.[13] Second, Petitioner argued that, relying on Kisor v. Wilkie, 139 S. Ct. 2400 (2019), the district court erred by relying on Guidelines § 2B1.1 commentary to calculate the total loss amount on intended loss rather than actual loss.[14] In rejecting Petitioner's argument, the Fifth Circuit specifically commented that "[w]e have held that Kisor does not govern the guidelines and its commentary" and that "Vargas[, 74 F.4th 673, 677-78 (5th Cir. 2023) (en banc)] forecloses the *Kisor*-based challenge to the § 2B1.1 commentary that Osemwengie raises here."[15] Third, Petitioner asserted that his sentence was substantively unreasonable because it was greater than necessary in violation of 18 U.S.C. § 3553(a).[16] The Fifth Circuit rejected this argument, holding that Petitioner did not rebut the presumption of reasonableness that applied to his below-guidelines sentence.[17]

In his § 2255 Motion, Petitioner asserts two grounds for relief: (1) the district court erroneously found that the

---

[12]See Petitioner's § 2255 Motion, Docket Entry No. 162, p. 5; Fifth Circuit Opinion, Docket Entry No. 152, p. 2.

[13]See Fifth Circuit Opinion, Docket Entry No. 152, p. 3.

[14]See Petitioner's § 2255 Motion, Docket Entry No. 162, p. 6; Fifth Circuit Opinion, Docket Entry No. 152, p. 3.

[15]Fifth Circuit Opinion, Docket Entry No. 152, p. 3.

[16]See Petitioner's § 2255 Motion, Docket Entry No. 162, p. 3; Fifth Circuit Opinion, Docket Entry No. 152, p. 4.

[17]Fifth Circuit Opinion, Docket Entry No. 152, p. 4.

Government satisfied its burden of proof as to the loss amount in violation of Petitioner's constitutional right to due process; and (2) the district court erroneously determined Petitioner's sentence based on the amount of intended loss as opposed to actual loss.[18]

## II. Legal Standards

Title 28 U.S.C. § 2255(a) states that a prisoner sentenced by a federal court may move that court "to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack . . . ." "A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude." United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 102 S. Ct. 1584, 1593 (1982).

The court "may not consider an issue disposed of in [the defendant's] previous appeal at the § 2255 stage." United States v. Goudeau, 512 F. App'x 390, 393 (5th Cir. 2013) (per curiam); see also United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.") (citation omitted).

[18] Petitioner's § 2255 Motion, Docket Entry No. 162, pp. 5-6.

A court must grant an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "When facts are at issue in a § 2255 proceeding, a hearing is required if (1) the record, as supplemented by the trial court's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for § 2255 relief, and (2) the movant would be entitled to postconviction relief as a legal matter if his factual allegations are true." United States v. Anderson, 832 F. App'x 284, 287 (5th Cir. 2020). A petitioner's "conclusory assertions do not support the request for an evidentiary hearing." United States v. Auten, 632 F.2d 478, 480 (5th Cir. 1980). Instead, a petitioner must produce "independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998); United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006).

## III. Analysis

Petitioner asserts that he is entitled to relief because: (1) the district court erroneously found that the Government satisfied its burden of proof as to the loss amount in violation of Petitioner's constitutional right to due process; and (2) the

district court erroneously determined Petitioner's sentence based on the amount of intended loss as opposed to actual loss.[19]

Petitioner's § 2255 Motion must be dismissed for at least two reasons. First, challenges to the district court's calculation of a sentence are not cognizable in a § 2255 proceeding. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.") (citing United States v. Lopez, 923 F.2d 47, 50 (5th Cir.), cert. denied, 111 S. Ct. 2032 (1991)); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (holding that misapplication of the Sentencing Guidelines is not a cognizable claim in a § 2255 motion); United States v. Jones, 329 F. App'x 573, 573 (5th Cir. 2009) (per curiam) ("[Movant's] argument that the district court failed to correctly apply the Sentencing Guidelines is not cognizable under § 2255.") (citation omitted).

Second, Petitioner's claims are barred from collateral review because they were considered and rejected by the Fifth Circuit during Petitioner's direct appeal. Petitioner admits that both of the challenges brought in his § 2255 Motion were raised on appeal.[20] When an issue is raised and decided on direct appeal, that issue may not be relitigated in a § 2255 motion. See Goudeau, 512

[19] Id. at 5-6.

[20] See id. at 5-6 (checking "yes" in Ground One and Ground Two to the question: "If you appealed from the judgment of conviction, did you raise this issue?").

F. App'x at 393; Kalish, 780 F.2d at 508; United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997) (finding that claims that were raised and rejected in defendant's direct appeal are barred from collateral review).

For these reasons, Petitioner's § 2255 Motion will be denied.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue unless that applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under that controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (internal quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1599.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court concludes that reasonable jurists would not find debatable or wrong the conclusion that Petitioner's claims are not cognizable in a § 2255 proceeding or are barred; so a certificate of appealability will be denied.

## V. Conclusion and Order

Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 162) is **DENIED**. Because the court concludes that no reasonable jurist could find any of Petitioner's claims meritorious or that the district court is incorrect in its procedural ruling, a certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 5th day of August, 2025.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE